IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-mc-00008-MR-WCM

| SUSAN MARIE GIBAS, | ) | |
|---|---|---|
| Petitioner, | ) | ORDER |
| v. | ) | |
| KEITH J. HOUGHTON, | ) | |
| Respondent. | ) | |

This matter is before the Court on the "Verified Petition of Susan Marie Gibas for an Order to Depose Keith J. Houghton in Order to Perpetuate his Testimony" (the "Petition," Doc. 1).

## I. Background

On May 17, 2024, Susan Marie Gibas ("Petitioner"), appearing *pro se*, filed the Petition seeking an order, pursuant to Rule 27 of the Federal Rules of Civil Procedure, allowing her to take the deposition of Keith J. Houghton ("Respondent").

On August 27, 2024, Petitioner was directed to show cause why the Petition should not be dismissed for failure to show that Petitioner's future action is one over which this Court could exercise jurisdiction. (the "Show Cause Order," Doc. 4).

1

Petitioner filed a response on September 12, 2024 (the "Show Cause Response," Doc. 5).

## II. Discussion

Rule 27 provides, in part, that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." F.R.C.P. 27(a)(1). Such a petition may only be brought by a petitioner who "expects to be a party to an action cognizable in a United States court but [who] cannot presently bring it or cause it to be brought," F.R.C.P. 27(a)(1)(A), and may be filed "'only in that special category of cases where it is necessary to prevent testimony from being lost.'" Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999) (quoting Ash v. Cort, 512 F.2d 909, 911 (3d Cir.1975)).

### A. Jurisdiction Over the Contemplated Action

From Petitioner's filings, it appears that Petitioner is a party to a foreclosure proceeding that involves a deed of trust under which Respondent is listed as the trustee. See Doc. 1 at 2 (stating that Respondent "is named as

Trustee on the Deed of Trust which is being relied upon by those foreclosing on the property over which Petitioner has an interest . . . .").[1]

Petitioner suggests that she needs Respondent's testimony for use in forthcoming litigation that may challenge, or relate to, the foreclosure proceeding. Specifically, in the Petition, she asserts that she "expects to be a plaintiff in an action within the district seeking relief under Title 15, United States Code." Doc. 1 at 1. In the Show Cause Response, she contends that an action involving Freddie Mac confers federal subject matter jurisdiction pursuant to 28 USC 1452(f), and that the testimony of Respondent could be relevant to lender violations of federal laws regarding real estate purchases and loans, as well as the "abuse of GAAP procedures in the accounting of the purported loan." Doc. 1 at 3, 7, 9.

However, Petitioner does not provide a clear statement about the specific claims she plans to bring or explain how a federal court could exercise jurisdiction over them (particularly if they are part of, or in response to, the pending foreclosure action). See e.g., Application of Deiulemar Compagnia Di Navigazione S.p.A., 198 F.3d at 485-486 ("Rule 27 is not a substitute for broad

---

[1] To the extent Petitioner's request can be read as seeking Respondent's testimony for use in the foreclosure proceeding itself, such a request could not be granted under Rule 27. Any existing foreclosure proceeding is not a contemplated action and Petitioner has not otherwise shown how a federal court could exercise jurisdiction over it.

discovery, nor is it designed as a means of ascertaining facts for drafting a complaint…. A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation.") (internal citations omitted).[2]

### B. Petitioner's Inability to Presently Bring the Contemplated Action

Also, although Petitioner contends that she presently cannot bring the contemplated action because she is unrepresented, Doc. 1 at 1, her status as a *pro se* litigant does not preclude her from initiating litigation.

### C. The Need to Perpetuate

Finally, Petitioner has not explained adequately why it is necessary to perpetuate Respondent's testimony. Petitioner asserts only that Respondent is "of retirement age," and "could be in Costa Rica, Belize or become incapacitated due to age related disease…." Doc. 5 at 6. Such conclusory statements do not demonstrate sufficient need under Rule 27. See e.g., Application of Deiulemar Compagnia Di Navigazione S.p.A., 198 F.3d at 484, n. 16 ("A petitioner must, therefore, demonstrate an immediate need to perpetuate testimony."); Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995) (holding that an allegation that the respondent is retired and with the passage

---

[2] Petitioner does assert that she is completely diverse from Respondent and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), see Doc. 5 at 1 & at 3, but Petitioner's filings are unclear as to the nature of the claims she contemplates and whether she plans to assert such claims against either Respondent or Freddie Mac.

4

of time his ability to recall relevant facts and testify completely may be impaired "is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony"); Ash v. Cort, 512 F.2d 909, 913 (3d Cir. 1975). (holding that "[a]lthough age may be a relevant factor in showing that testimony must be perpetuated to avoid loss," the petitioner's "conclusory remarks" that the respondents are "over fifty years of age" and "[m]emories may fade" failed to "show that evidence is likely to be lost"); Babb v. Isom, C/A No. 2:23-03218-RMG-MHC, 2024 WL 2984821, at *2 (D.S.C. May 7, 2024) ("Plaintiff has asserted no facts to indicate that the testimony of Defendants Socha, Wounded Nature, Merrill, Isom, and/or Tecklenburg is at risk of becoming unavailable").

**IT IS THEREFORE ORDERED** that the Verified Petition of Susan Marie Gibas for an Order to Depose Keith J. Houghton in Order to Perpetuate his Testimony (Doc. 1) is **DENIED**.

The Clerk is **RESPECTFULLY DIRECTED** to close this matter.

Signed: December 11, 2024

W. Carleton Metcalf
United States Magistrate Judge